ARTHUR D. COWLES v. NANCY HALL, Executrix of R. D. HALL.

*Judgment for Costs—Statute of Limitations—Motion for Execution Against Estate of Deceased Person.*

1. A plaintiff in a judgment on which costs only are due, is not barred by section 155 (8) from proper proceedings to enforce his claim, the same being in his favor and not of the officers of the Court.

2. A motion for leave to issue execution against the estate of a deceased person cannot be allowed.

This was an appeal, heard before *Graves, J.,* at Fall Term of the Superior Court of WILKES County, 1891, from the decision of McNeil, Clerk, made in the above entitled cause upon notice to Nancy Hall, executrix of R. D. Hall, deceased, for the purpose of reviving a judgment rendered at Fall Term, 1885, for the sum of $66.15, for plaintiff's and other costs, a part of which was for witnesses' attendances, taxed in the case, an ordinary bill of cost arising in a case at law.

His Honor was of opinion, and so decided, that the plaintiffs were not entitled to a renewal of their judgment as to an execution upon the same, and that the collection of the judgment was barred by the statute of limitations, and that plain-

tiffs were entitled to no entries upon the same. It appeared that no execution had issued on said judgment.

*Messrs. Cowles & Barber,* for plaintiff (appellant).
No counsel, *contra.*

MacRae, J.: The statute of limitations, chapter 3, section 151 of *The Code,* is: "The periods prescribed for the commencement of actions, other than for the recovery of real property, shall be as follows:  *  *  *  Section 155 (8). Fees due to any Clerk, Sheriff, or other officer, by the judgment of a Court, within three years from the judgment rendered or of the issuing of the last execution therefor." This statute, as will be seen, regulates the time for the commencement of actions. But the present proceeding, while not stated in the case with ordinary clearness, was evidently a motion for leave to issue execution under section 440 of *The Code,* for by reference to the record it will so appear.

His Honor held that the collection of plaintiff's judgment is barred by the statute of limitations. The record shows that a part of the judgment was for fees due the officers of the Court, but the judgment was in favor of the plaintiff, upon the presumption that he had paid the costs for which he was liable, as they accrued, and he was entitled to recover the same from defendant. As this is not an action by any officer to recover fees due him by the judgment of a Court, we are of the opinion that the section of the statute of limitations relied on by defendant does not apply to this proceeding.

His Honor also held "that the plaintiffs are not entitled to a renewal of their judgment, as to an execution upon the same." We concur with his Honor that plaintiffs are not entitled to leave to issue execution upon their judgment. The motion seeks to have execution against the estate of a deceased person upon a judgment rendered against such per-

son during his life.  *The Code*, chapter 33, provides elabor-
ately for the settlement of estates of deceased persons; sec-
tion 1416 prescribes the order of payment of the debts, includ-
ing judgments, and section 1448 *et seq*, prescribes the pro-
ceeding by which creditors may enforce payment of the debts
due them.   While, therefore, the plaintiffs are not barred by
section 155 (8) from proper proceedings to enforce their claim
(the same being in favor of plaintiffs in the action, and not
of the officers of the Court), they are not entitled to leave to
issue execution.                    Modified and Affirmed.